Curia, per Harper, Ch.
The reasoning of the Chancellor is so conclusive on the several points involved in the case, that it is hardly necessary to add any thing to it. A single case, however, has been quoted in opposition to his conclusion, which would be in point, if the paper before us were a deed. It was quoted from 4th Dane’s Abr. 9, and is to be found in 4 Day’s Rep. 66, Belden *22 v. Carter. In that case, the donor delivered that which purported to be a deed, to a third person, saying “ Keep it, and if I do not call for it, deliver it to the donee after my death.” After the donor’s death, it was accordingly delivered to the donee, and the Court held this to be a good delivery. But upon the best consideration we have been able to give it, we do not perceive that the conclusion of the Court is sustained by authority or argument. The argument of the counsel (Roger Minott Sherman) in opposition to the view of the Court, seems to us a satisfactory exposition of the law, and entirely conclusive. It is conceded that a man ma.y deliver a deed by his agent, and the delivery will be good, if the agent have sufficient authority and pursues it.
But a man cannot grant an authority to be executed after his death. Littleton’s text is referred to, sec. 66, in which it is said, that if a man make a deed of feoffment, and a letter of attorney to deliver seisin, if livery of seisin be not executed in the life time of him that made the deed, the deed is void, and the lands descend to the grantor’s heirs; and also Coke’s Com. 526, that a letter of attorney to deliver seisin after the grantor’s death is void.
It is urged on the same reasoning as is used in the case before us, that the deed was not in the agent’s hands as an escrow. “In every case of an escrow there is a contract and privity between the grantor and grantee; the person to whom the deed is delivered, is by mutual agreement the agent of both parties ; he does not hold the deed subject to the control of the grantor; he has no power over, and can no more countermand the delivery of an escrow, than of an absolute deed. It is always in the power of the grantee to entitle himself to the deed, and to the estate by performing the stipulated condition. And when performed, the deed takes its whole effect by force of the first delivery without any new delivery.” Perryman’s case, 5 Co. 84 b. is referred to also. See also Com. Dig. Tit. Fait. A. 3. In addition to the authorities relied upon by the Chancellor in this case, other authorities (Hawkins v. Bluett, 2 Esp. Rep. 663,) are referred to, to shew that to constitute a delivery, the donor must part, not only with the possession, but the dominion of the thing. •
In opposition to this; reasoning, it is said, in the opinion of the *23 Court, “The grantor delivered the deed to Wright, with a power to countermand it; but this makes no difference, for it was in the nature of a testamentary disposition of real estate, and was revocable by the grantor during his life, without an express reservation of that power.” — That is to say, although the statute of that State, like ours, requires three witnesses to a will of real estate, yet, by varying the form of the instrument, the testator might make a will attested by only two ; and such manifestly would be the effect, if such‘a transaction could be sustained with us. Wills might in effect be made with two witnesses, or one witness, or without a witness.
In this case the witness with whom the instrument was deposited, and who best understood the donor’s intentions, states that he held it as his agent, and would have delivered it upon his demand. That which is in the possession of a man’s agent, is in his own possession ; and can one be said to have delivered that which remains in his own possession 1
It is hardly necessary to say that if this purported to be a donatio mortis causa; and admitting that a donatio mortis causa may be made by deed, still the deed must be executed and delivered, so as to give the present dominion over the property, as in the case of any other deed.
The third ground is entirely misconceived. The objection is not that the instrument was defective, but that no instrument was ever executed at all, delivery being a part of execution.
The decree is affirmed.